UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, *et al.*,

    Plaintiffs,

v.

MICHAEL ANGELO, *et al.*,

    Defendants.
_____/

Case No. 19-12051

Hon. George Caram Steeh

OPINION AND ORDER GRANTING LIBERTY MUTUAL'S
MOTION TO DISMISS COUNTERCLAIM (ECF NO. 40)

Plaintiffs Liberty Mutual Fire Insurance Company, LM General Insurance Company, LM Insurance Corporation, and Safeco Insurance Company of Illinois (collectively "Liberty Mutual") seek dismissal of Defendant Sam Hakki, M.D.'s counterclaim. Pursuant to L.R. 7.1 and Administrative Order 20-AO-021, the court will determine the motion on the papers submitted.

BACKGROUND FACTS

Liberty Mutual filed this action against several health care providers, alleging fraud and unjust enrichment. Specifically, Liberty Mutual alleges that defendants engaged in a fraudulent scheme by billing the plaintiff

-1-

insurance companies under the Michigan No-Fault Act for medically unnecessary treatment and procedures. Defendant Sam Hakki, M.D., has filed a counterclaim for defamation, alleging that Plaintiffs made false statements about him in pleadings and "other mediums," including that Defendant prescribed unnecessary opioid painkillers, provided unnecessary treatment or billed for treatment that was not provided, and engaged in a fraudulent scheme by billing Liberty Mutual for unnecessary services or services that were not actually rendered. See ECF No. 14, Counterclaim at ¶¶ 9, 35.

## LAW AND ANALYSIS

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal based upon the plaintiff's failure to state a claim.[1] To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or

---

[1] Because Liberty Mutual filed an answer to the counterclaim, its motion is properly brought pursuant to Rule 12(c), which is decided pursuant to the same standard as a motion under Rule 12(b)(6). *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007).

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

Liberty Mutual seeks dismissal of Hakki's counterclaim, contending that the statements at issue were made in judicial proceedings and are absolutely privileged. "The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Mitan v. Campbell*, 474 Mich. 21, 24 (2005). It is "well settled" that statements made during the course of judicial proceedings are "absolutely privileged" and cannot serve as the basis of a defamation claim. *Couch v. Schultz*, 193 Mich. App. 292, 294 (1992).

The statements that Hakki alleges are defamatory are quoted directly from Liberty Mutual's complaint. *Compare* ECF No. 1 at ¶¶ 2, 3, 8, 9, 11, 35, 36, 43, 64, 65, 67, 76, 78 *with* ECF No. 14, Counterclaim at ¶ 9. These statements are absolutely privileged and cannot support a defamation claim. Hakki contends, however, that these statements were also

published in "other mediums."  Counterclaim at ¶ 35.  Although Hakki does not specify the "other mediums" in his counterclaim, he alleges in his response brief that Liberty Mutual's adjusters communicate with injured patients, their attorneys and staff, and case managers.  ECF No. 43 at PageID 1586.  Hakki does not allege, however, the specific defamatory statements made in these non-judicial contexts.  "A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory."  *Thomas M. Cooley Law Sch. v. Doe 1*, 300 Mich. App. 245, 262 (2013).

As currently pleaded, Hakki's counterclaim does not state a cause of action for defamation.  Given the nascent stage of this litigation, however, the court will grant leave for Hakki to file an amended counterclaim.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  The court discerns no undue delay, prejudice to the opposing party, or other reasons for denying amendment at this time.  *See Brown v. Chapman,* 814 F.3d 436, 443 (6th Cir. 2016) (the court may deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ORDER

IT IS HEREBY ORDERED that Liberty Mutual's motion to dismiss Hakki's counterclaim (ECF No. 40) is GRANTED.

IT IS FURTHER ORDERED that Hakki may file an amended counterclaim within thirty (30) days of the date of this order.

Dated: April 21, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 21, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk